

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2006

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2865

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jones" (2006). *2006 Decisions.* Paper 223.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/223

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 05-2865

_____

UNITED STATES OF AMERICA

v.

DONALD JONES,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cr-00432)
District Judge: Honorable John R. Padova

_____

Submitted Under Third Circuit LAR 34.1(a)
November 6, 2006

Before: SLOVITER, CHAGARES, and NYGAARD, Circuit Judges

(Filed:  November 8, 2006)

_____

OPINION

_____

SLOVITER, Circuit Judge.

Donald Jones, who pled guilty to a two-count indictment charging him with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and witness tampering in violation of 18 U.S.C. § 1512(b)(1), appeals.

**I.**

At the plea hearing before the District Court, the United States Attorney presented the following facts:

On February 8, 2000, Rhonda Turner called 911 to report that Jones, with whom she was living, had threatened her with a gun. She elaborated at the police station, stating that on the preceding day Jones came home with a loaded .9 caliber gun and told her he wanted to borrow her car so he could shoot up a drug corner where some drug dealers had robbed other drug dealers who worked for Jones. When she refused to lend Jones her car, he pointed the gun and threatened her, which led her to call 911. The officers at the police station noticed that she had bruises on her face.

Based on this information, the police officers obtained an arrest warrant and a search warrant for the house. They found Jones at his home in bed at 6:00 a.m. in the morning and placed him under arrest. When they asked if he had any weapons, he told them there was a gun under his pillow. That gun was a loaded .9 caliber Luger with an obliterated serial number. The officers also seized live rounds of ammunition.

The U.S. Attorney further stated that while Jones was in custody, he wrote several threatening letters to Turner, which the U.S. Attorney paraphrased as stating that he

2

knows where her people live, that this was not the first time she crossed him but it will be the last, and that he hopes he wouldn't have to send his boys to do anything but he might have to.

The U.S. Attorney also advised the District Court that Jones had two prior drug convictions, both of which were crimes punishable with terms of imprisonment for more than one year, and that because the Luger was not manufactured in Pennsylvania there was evidence that the gun affected foreign commerce. The Court questioned Jones about the above and Jones stated that the Government had accurately stated the facts as they pertained to him.

At that hearing, the Court advised Jones that the maximum statutory penalty on the gun charge was ten years' imprisonment, a $250,000 fine, and three years' supervised release, that the penalty on the witness tampering charge was the same, and that by pleading guilty he was subject to a maximum penalty for both crimes together of twenty years' imprisonment, a $500,000 fine, three years' supervised release, and a $200 special assessment. The Court also advised Jones that he would not be entitled to withdraw his guilty plea if it imposed a sentence higher than that which Jones expected or anyone else recommended. Jones reconfirmed that he desired to plead guilty, that he was not threatened, and that his decision to plead guilty was made of his own free will.

Jones was then sentenced to 130 months' imprisonment, supervised release for three years, and was ordered to pay combined fines and assessments in the amount of $700. Jones appealed and this court reversed the judgment and remanded the matter for

resentencing because the trial court had failed to hold a competency hearing prior to sentencing.

In conformance with the mandate of this court, the District Court held a competency hearing on March 3, 2004. The Government presented the testimony of Dr. Tanya Cunic, who testified with respect to her opinion that Jones was competent to proceed with sentencing. See App. at 68a. The defendant presented the report of Dr. Russell. Thereafter, the Court made the finding that Jones was "competent to proceed to sentencing in this case," was able to understand the nature and consequences of the proceeding, and had the capacity to assist in his defense. App. at 86a. After hearing from Jones, who advised the Court that he had been participating in all of the prison programs and was trying to rehabilitate himself and sought a shorter sentence than originally imposed, the District Court sentenced Jones to serve a term of imprisonment of 120 months and to pay the same fines and costs as previously determined.

Once again, Jones appealed and once again this court remanded for resentencing, this time pursuant to United States v. Booker, 543 U.S. 220 (2005). Thereafter, the trial court resentenced Jones to 94 months' imprisonment, three years' supervised release, a $500 fine, and a $200 special assessment.

## II.

Jones' attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), together with a motion to withdraw as counsel. Under <u>Anders</u>, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal. <u>See</u> <u>id.</u> at 741-42, 744. To satisfy the <u>Anders</u> requirements, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous." <u>United States v. Marvin</u>, 211 F.3d 778, 780 (3d Cir. 2000).

The District Court conducted a full colloquy with Jones. In the course of that colloquy, the District Court explained that Jones had a criminal history "almost at the top of the scale," App. at 60a, that by pleading guilty Jones was giving up his right to challenge the indictment returned against him, the right to trial by jury, the right to be presumed innocent, and the requirement that the Government prove beyond a reasonable doubt the facts which the Government asserted, the right to challenge the way in which the Government obtained its evidence, the right to subpoena and compel the attendance of witnesses to testify, among other rights that might have been asserted. Jones answered that he was aware that he was giving up each such right. The District Court explained to Jones the elements of each of the crimes to which he was pleading guilty.

In his <u>Anders</u> brief, Jones' counsel states that he searched the record and had no

basis to complain about the Rule 11 colloquy.  At the hearing on Jones' change of plea to guilty, conducted December 4, 2000, counsel discussed the procedural background, asserted that the trial court had jurisdiction, and stated that the plea was valid, that he was aware of the responsibilities of counsel as set forth by the Supreme Court in Boykin v. Alabama, 395 U.S. 238 (1969), that he was confident that the sentence was legal, and that he could find no non-frivolous issues for appeal.  In response, the Government agreed. Following our independent examination of the briefs and the record, we conclude that counsel has fulfilled his obligation under Anders.  Accordingly, we will grant counsel's motion to withdraw and will affirm the judgment of sentence and conviction.

_____